UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

       Plaintiff,

v.

DIANE NORTH, THOMAS K. NORTH,
MARY A. NORTH-ROMAN, TIMOTHY E.
NORTH, SHARON N. MALINOWSKI,
TRACY J. WEBER, THERESE M. STERNA
and ANTHONY J. NORTH,

       Defendants.
                                  /

File No.  5:06-CV-15

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Metropolitan Life Insurance Company's ("MetLife") motion for discharge, injunction, and dismissal.  MetLife brought this interpleader action pursuant to FED. R. CIV. P. 22 to determine who is entitled to the proceeds of a life insurance policy governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.  The group life insurance policy was issued by MetLife to Allstate Insurance Company.  MetLife contends that it is faced with multiple competing and conflicting claims to certain life insurance benefits under the Allstate Retiree Life Insurance Plan (the "Plan"), insuring the life of the late Thomas E. North, a former employee of Allstate Insurance Company.  The Court's subject matter jurisdiction over this matter is

based upon 28 U.S.C. § 1331 (federal question) in that the Plan is governed by ERISA. *See Sun Life Assurance Co. of Canada v. Thomas*, 735 F. Supp. 730, 732 (W.D. Mich. 1990) (Gibson, J.) (finding that district court had subject matter jurisdiction where life insurance policy regulated by ERISA).

As of December 26, 2004, the date of Thomas E. North's death, he was enrolled for $30,000 of insurance benefits under the Plan. Following his death, MetLife received a claim for benefits from Defendant Diane North, Mr. North's widow, and a claim for the same benefits from Mr. North's children. Diane North filed her claim as the most recently designated beneficiary. *See* Exhibit E, Pl.'s Compl. The North children apparently based their claim upon the assertion that the most recent beneficiary designation was invalid because Mr. North was incompetent to manage his financial affairs. Exhibit F, Pl.'s Compl. In light of the competing and conflicting claims to the insurance benefits MetLife brought the present action for interpleader.

Rule 22 is a procedural device which allows a party to join all claimants as adverse parties when their claims are such that the stakeholder may be exposed to multiple liability. FED. R. CIV. P. 22(1); *Metropolitan Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997). Interpleader allows "the stakeholder who has no claim to the money and is willing to release it to the rightful claimant, 'to put the money . . . in dispute into court, withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court.'" *Marsh*, 119 F.3d at 418 (quoting *Commercial Union Ins. Co. v. United States*, 999

F.2d 581, 583 (D.C. Cir. 1993) (quoting Zechariah Chaffee, Jr., *The Federal Interpleader Act of 1936: I*, 45 YALE L.J. 963, 963 (1936))). An interpleader action is generally conducted in two stages. First, the Court must determine whether interpleader is appropriate and whether the stakeholder is entitled to bring the action. 5 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1714 (hereinafter "Wright & Miller"). Second, the Court determines the respective rights of the claimants to the stake. *Id*. In determining whether interpleader is appropriate, the primary consideration is whether the stakeholder legitimately fears multiple liability. *Michigan Teamsters Joint Council No. 43 v. Bufalino*, 626 F. Supp. 51, 53 (E.D. Mich. 1985); Wright & Miller at § 1704. If interpleader is appropriate and the stakeholder is disinterested, the Court may discharge the stakeholder. *See e.g.*, *Aon Corp. v. Hohlweck*, 223 F. Supp. 2d 510, 514 (S.D.N.Y. 2002).

In this case, it is clear that MetLife faces multiple, competing claims to North's life insurance benefits and that the claimants are adverse to each other because each named Defendant has presented a claim to the proceeds to the Plan. MetLife has paid into the Court a total of $33,035.34, the sum of the entire life insurance benefit to be paid to the proper beneficiary, plus interest. MetLife has also asserted that it has no interest in insurance benefits, is simply the stakeholder, and has brought the interpleader action in good faith. Accordingly, the Court holds that interpleader is appropriate and MetLife is entitled to bring the action. As such, the Court discharges MetLife from any liability to the Defendants in this

matter for the insurance benefits payable under the Plan and dismisses MetLife from this matter with prejudice.

In addition, the record in this case reveals that while each Defendant has been served, Diane North is the only Defendant to have made an appearance and filed an answer. *See* Acknowledgments of Service Docket #6-7, Def.'s Ans., Docket #4. Subsequently, default has been entered as to Defendants Therese M. Sterna, Thomas K. North, Mary A. North-Roman, Timothy E. North, Sharon N. Malinowski, Tracy J. Weber, and Anthony J. North. Docket #22, 28. By failing to appear and defaulting in this matter, the North children have relinquished any interest in the insurance benefits and have elected not to contest Diane North's right to the proceeds. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff MetLife's motion for discharge, injunction, and dismissal (Docket #29) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff MetLife is **DISCHARGED** from any and all liability to Defendants for the life insurance benefits payable under the Plan.

**IT IS FURTHER ORDERED** that the Clerk of this Court is **AUTHORIZED** and **DIRECTED** to distribute the funds on deposit in the Registry of this Court to Defendant Diane North.

Date:  August 10, 2006        /s/ Robert Holmes Bell
                              ROBERT HOLMES BELL
                              CHIEF UNITED STATES DISTRICT JUDGE